UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shaun Dowdy,                                          Case No. 3:18-cv-1169

                Petitioner,

     v.                                              MEMORANDUM OPINION
                                                     AND ORDER

Keith J, Foley, Warden[1],

                Respondent.

## I.    INTRODUCTION

Petitioner Shaun Dowdy has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Cuyahoga County, Ohio Court of Common Pleas on charges of aggravated murder and kidnapping. (Doc. No. 1). Magistrate Judge David A. Ruiz reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny Dowdy's petition. (Doc. No. 30). Judge Ruiz also denied Dowdy's motions to amend his petition and for a stay and abeyance. (Doc. No. 29). Dowdy filed objections to Judge Ruiz's order. (Doc. No. 33). After receiving one extension of time in which to file objections to the Report and Recommendation, Dowdy filed a second motion for an extension or a stay, (Doc. No. 34), as well as a second motion to stay. (Doc. No. 35). For the reasons stated below, I deny Dowdy's motions to stay as moot, overrule his objections to Judge Ruiz's order, and adopt the Report and Recommendation.

---

[1] Dowdy is incarcerated at the Grafton Correctional Institution in Grafton, Ohio, where Keith J. Foley currently is the Warden. *See* Fed. R. Civ. P. 25(d).

## II. BACKGROUND

On January 30, 2009, Dowdy was indicted by a Cuyahoga County grand jury for "three counts of kidnapping, five counts of felonious assault and two counts of aggravated murder with felony murder specifications. All counts contained one- and three-year firearm specifications, a notice of a prior conviction and a repeat violent offender specification." *State v. Dowdy*, 2012-Ohio-2382, 2012 WL 1951929, at *1 (Ohio Ct. App. May 31, 2012) ("*Dowdy I*"). Dowdy pled guilty in February 2010 to one count of kidnapping and one count of aggravated murder with a firearm specification. *Id.* The remaining charges were dismissed, and Dowdy was sentenced to a cumulative sentence of 33 years to life. *Id.*

At this point, the lengthy procedural history of this case began. In December 2010, Dowdy filed a motion for resentencing because he was not advised of his appeal rights. *Id.* The trial court denied the motion but "'reenter[ed]' the journal entry of conviction with notice of [Dowdy's] appeal rights 'in order to provide [Dowdy] the ability to timely appeal his conviction.'" *Id.* The Eighth District Court of Appeals ruled the trial court did not have the power to restart the appeal clock by "reentering" the conviction judgment entry, but sua sponte granted Dowdy leave for a delayed appeal in order to address one of his assignments of error. *Id.* at *2.

Before Dowdy pled guilty, the trial court had ordered a competency evaluation and report. *Id.* at *1. No report ever was filed and the only indication that the evaluation in fact was completed was defense counsel's oral representations. *Id.* The appellate court ruled the trial court's failure to conduct the statutorily required competency hearing was not harmless error, reversed Dowdy's convictions, and remanded the case to the trial court to vacate his plea and to hold a competency hearing. *Id.* at *3.

On July 13, 2012, the trial court held a competency hearing. During the hearing, the trial court received and filed under seal a competency report dated September 29, 2009, and found

2

Dowdy to be competent to understand the charges against him as of that date. (Doc. No. 10-1 at 177). The trial court also acknowledged defense counsel's representation that there were "no issues as to Defendant's competency at the present time." (*Id.*). Dowdy subsequently pled guilty to the same charges – aggravated murder with a firearm specification and kidnapping – and the trial judge imposed the same sentence – 33 years to life. (*Id.* at 178). The trial court expressly noted Dowdy had been advised of his right to appeal. (*Id.*).

Dowdy did not file an appeal at that time. Instead he filed a motion in the trial court, arguing he was entitled to receive earned credit days on both his sentence for kidnapping and his sentence for aggravated murder. The trial court granted his motion as to the kidnapping conviction but denied it with regard to the aggravated murder conviction. The Eighth District Court of Appeals affirmed, concluding that Ohio law required defendants who were sentenced to a prison term of 25 years to life to serve 25 years before they could become eligible for parole and that that mandatory term could not be reduced by earned credit or for good behavior. *State v. Dowdy*, 2015-Ohio-318, 2015 WL 407181 (Ohio Ct. App. Jan. 29, 2015) ("*Dowdy II*").

Approximately 18 months later, on June 29, 2016, Dowdy filed a *pro se* motion to withdraw his guilty pleas, contending the trial court did not properly advise him that he would have to serve a mandatory prison term. The trial court denied the motion and the Eighth District Court of Appeals subsequently affirmed. *State v. Dowdy*, 2017-Ohio-8320, 2017 WL 4861587 (Ohio Ct. App. Oct. 26, 2017) ("*Dowdy III*").

The *Dowdy III* court noted the record contained evidence that the trial court expressly told Dowdy he would have to serve a mandatory prison sentence and that Dowdy had agreed to a 33 year to life prison sentence as part of his plea agreement. *Id.* at *2. Further, the *Dowdy III* court rejected Dowdy's argument that the trial court had committed error by not explicitly informing him that his aggravated-murder sentence could not be reduced through good-time credit. *Id.* at *2*3.

3

The appellate court concluded Dowdy failed to show his guilty pleas were not knowing, voluntary, and intelligent and affirmed the trial court's denial of Dowdy's motion to withdraw his plea. *Id.* at *3.

In January 2018, Dowdy filed a *pro se* motion for a de novo resentencing hearing so that the trial court could impose a statutorily mandated term of post release control. (Doc. No. 10-1 at 562). While that motion was pending, Dowdy filed his habeas petition in this case. (Doc. No. 1).

On August 9, 2018, the trial court granted Dowdy's *pro se* motion in part, scheduling a hearing to correct the entry of judgment of conviction, but specifically denied Dowdy's request for a de novo resentencing hearing. (Doc. No. 10-1 at 570). In the interim period prior to the hearing, Dowdy filed a *pro se* "motion to correct void sentence," arguing his entire sentence was void because it did not include the statutorily mandated language imposing post-release control. (Doc. No. 10-1 at 576). The trial court granted the motion in part (as to the imposition of a term of post release control as part of Dowdy's kidnapping sentence).

The trial court held a hearing on September 25, 2018 to impose a five-year term of post-release control and again advised Dowdy that parole under Ohio Revised Code § 2967.13 applied to his aggravated murder conviction. (*Id.* at 572). The trial court resolved the remainder of Dowdy's motion to correct his sentence by declining to impose a term of post release control as part of his aggravated murder sentence. The trial court also granted Dowdy's motion, through appointed counsel, for leave to file a motion to withdraw his guilty plea. (*Id.*). Before the state filed its brief in opposition to the motion, Dowdy appealed the partial denial of his motion to correct his sentence.[2]

Meanwhile, this litigation continued, with the Warden filing the Return of Writ and Dowdy filing his traverse. Dowdy also filed a variety of motions, including a motion for leave to amend his

---

[2]  To date, Dowdy's most recent motion to withdraw his guilty plea remains outstanding.

petition, seeking to add claims for the alleged violation of his rights under the Due Process Clause (because he allegedly entered a guilty plea that was void or contrary-to-law, rendering the guilty plea "involuntarily, unknowingly, and unintelligently made," and because the trial court allegedly entered a void sentence.) (Doc. No. 27 at 5-6). Dowdy requested a stay and abeyance, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), because he had not yet exhausted the two new proposed grounds for relief. (Doc. No. 27 at 7-9). Judge Ruiz denied Dowdy's motion to amend and for a stay and abeyance on August 2, 2019, (Doc. No. 29), and, on the same day, recommended I deny Dowdy's habeas petition. (Doc. No. 30).

Back in state court, Dowdy argued his aggravated murder sentence was void because it was worded differently than the statutory language which defined the applicable sentences. On September 5, 2019, the Eighth District Court of Appeals agreed and vacated Dowdy's sentence for aggravated murder. *State v. Dowdy*, 2019-Ohio-3570, 2019 WL 4204430, at *1 (Ohio Ct. App. Sept. 5, 2019) ("*Dowdy IV*"). The *Dowdy IV* court remanded the case to the trial court for resentencing on the aggravated murder conviction. *Id.* at *1.

On the same day, the trial court entered an order notifying the parties that it would take no action on the case until, at the earliest, October 21, 2019, which was the last date of the period for a party to file a motion for reconsideration before the appellate court or to file a notice of appeal to the Supreme Court of Ohio.

Dowdy again sought a stay and abeyance, arguing he should not be required to file objections to the Report and Recommendation until his state-court proceedings were finalized. (Doc. Nos. 34 and 35). The Warden did not object to Dowdy's requested stay, reasoning "new developments in the state court proceedings may moot Dowdy's current petition, current habeas relief ground, and proposed claims." (Doc. No. 37 at 1). I took no further action on the case, awaiting further developments in the state courts.

5

Those developments came to fruition on October 8, 2020, when the Supreme Court of Ohio reversed the Eighth District Court of Appeals' ruling in *Dowdy IV*, on the basis of the holdings in *State v. Harper*, 159 N.E.3d 248 (Ohio 2020), and *State v. Henderson*, --- N.E.3d ---, 2020-Ohio-4784, 2020 WL 5919686 (Ohio Oct. 7, 2020). *State v. Dowdy*, --- N.E.3d ---, 2020-Ohio-4789, 2020 WL 5948521 (Ohio Oct. 8, 2020) ("*Dowdy V*"). In those two cases, the Supreme Court of Ohio revisited its jurisprudence concerning whether an erroneous criminal sentence was void or voidable.

The Supreme Court of Ohio clarified that a "void" judgment is one entered by a court <u>without</u> jurisdiction and which may be entirely disregarded, while an erroneous judgment is one entered by a court <u>with</u> jurisdiction. *Henderson*, 2020 WL 5919686, at *4-5. A voidable judgment has "the force of a valid legal judgment, regardless of whether it is right or wrong," unless that judgment is vacated on appeal. *Id.* at *5. A party waives any objection to a voidable judgment unless the party asserts the error "at the earliest available opportunity." *Id.*

On this authority, the Supreme Court of Ohio reversed *Dowdy IV* without further comment. The implication, however, is clear – Dowdy waived his objection to his sentence for aggravated murder when he failed to appeal the February 6, 2013 resentencing journal entry of conviction. *See Henderson*, 2020 WL 5948521, at *9 (A voidable sentence must be challenged on direct appeal and is not subject to collateral attack in postconviction proceedings.).

Dowdy sought reconsideration of the Supreme Court of Ohio's order, but the motion was denied. *State v. Dowdy*, 159 N.E.3d 289 (Ohio 2020) (unpublished table decision) ("*Dowdy VI*"). Dowdy has taken no further action in these proceedings since the Supreme Court of Ohio reinstated his aggravated murder sentence on October 8, 2020.

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and

recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Dowdy presents the following ground for relief:

> **Ground One**: Petitioner's right to due process of law was violated where the failure to advise him of the true consequences of his guilty plea render the plea invalid as not being knowingly, voluntarily and intelligently entered.
>
> *Supporting Facts*: Petitioner was never advised that the sentence being imposed upon him on the charge of Aggravated Murder and for the firearm specification were imposed to be "mandatory" time, not subject to any [diminution] or reduction for earned credit and, in fact, was actively misled

7

>and advised that he could earn credit to reduce his sentence by the sentencing court.

(Doc. No. 1 at 5).

Judge Ruiz bypassed the question of whether Dowdy had procedurally defaulted his ground for relief by failing to give the state courts one full and fair opportunity to consider it and recommended I deny Dowdy's petition on the merits. (Doc. No. 30 at 13-14, 23-24). Even if I excuse Dowdy's failure to file timely objections, *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), I conclude his petition lacks merit.

"A petitioner bears the burden of proving that his waiver was not, in fact, voluntary, knowing, and intelligent." *Otte v. Houk*, 654 F.3d 594, 601 (6th Cir. 2011) (citation omitted). As Judge Ruiz noted, Dowdy attested his guilty plea was "given knowingly, voluntarily and of [his] own free will." (*See* Doc. No. 30 at 18). The Eighth District Court of Appeals reached the same conclusion in *Dowdy III*. 2017 WL 4861587, at *3. Dowdy has not shown this decision was contrary to or involved an unreasonable application of clearly established federal law.

Lastly, I overrule Dowdy's objections to Judge Ruiz's denial of his motion for leave to amend. The Supreme Court of Ohio's reinstatement of Dowdy's aggravated murder sentence demonstrates his claims that his sentence is void lack merit and, therefore, his proposed amendments would be futile. Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

For the reasons stated above, I overrule Dowdy's objections to Judge Ruiz's denial of his motion for leave to amend his habeas petition, (Doc. No. 33), and adopt Judge Ruiz's Report and Recommendation in full. (Doc. No. 30). I conclude Dowdy's first ground for relief lacks merit and dismiss his habeas petition. Further, I deny Dowdy's motions to stay, (Doc. Nos. 34 and 35), as moot.

I also conclude Dowdy fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge